UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRONE FICHTEL & ) | |
| PAMELA FICHTEL, h/w ) | |
| ) | Case Number |
| Plaintiffs ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ) | |
| VAN RU CREDIT ) | JURY TRIAL DEMANDED |
| CORPORATION ) | |
| ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Tyrone Fichtel & Pamela Fichtel, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Tyrone Fichtel & Pamela Fichtel, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Florida Consumer Collections Practices Act (FCCPA).

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a primary location in this District.

## III. PARTIES

4. Plaintiffs, Tyrone Fichtel & Pamela Fichtel, h/w, (hereafter, Plaintiffs) are adult natural persons residing at 4108 Frances Ann Court, Mount Dora, Florida 32757. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Van Ru Credit Corporation (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Massachusetts and the state of Illinois, with its principal place of business located at 1350 E. Touhy Avenue, 300E, Des Planes, IL 60018.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around March, 2007, Plaintiff, Tyrone, agreed to co-sign for a friend on the purchase of a Harley-Davidson motorcycle.

8. At that time, Plaintiff, Tyrone, did not review or receive a copy of the paperwork for this transaction.

9. Plaintiff, Tyrone's acquaintance, "Michael Defosse", received all documentation and took full ownership of the motorcycle.

10. Upon documentation and belief, "Mr. Defosse", fell behind in making the payments for this motorcycle in 2009, which inevitably led to the bike's repossession.

11. During that same year, 2009, Plaintiffs started to receive constant and continuous calls from the original creditor as well as other collectors looking for full payment.

12. Over the last year, Plaintiffs have been receiving calls from the Defendant attempting to collect on account #29937333.

13. Plaintiffs state that despite informing the Defendant that they needed to contact Mr. Defosse, directly in this matter, the Defendant's contact was relentless.

14. Plaintiffs informed the Defendant, that Tyrone was the co-signer and not the primary applicant.

15. Defendant continued to contact the Plaintiffs despite their dispute of the account.

16. Defendant then began placing calls to the Plaintiffs residence looking for the whereabouts of Mr. Defosse.

17. On or about September 11, 2012, Plaintiffs sent the Defendant a cease and desist letter, as well as requesting validation in writing on this account.

18. On or about September 19, 2012, Plaintiffs received notification from the Defendant that Tyrone was erroneously listed as the "Primary Applicant" on the loan application.

19. As well as falsely listing Plaintiff, Tyrone, as the "Primary Applicant", the application also contains several more errors, such as; the Plaintiff's name being spelled incorrectly as well as containing an improper mailing address.

20. Plaintiffs immediately contacted the Defendant to inform them that the paperwork was not correct.

21. The Defendant did not make any changes and continued in their collection efforts.

22. Plaintiffs are said to owe a balance of $8,000.00.

23. During one such call, Defendant's agent, "Dan", spoke with Plaintiff, Pamela, offering to settle the account for $4,000.00 and promising to "track down", Mr. Defosse, for the remaining $4,000.00.

24. Plaintiff, Pamela, would not accept the settlement knowing that with Tyrone listed as the primary applicant that he would become liable for the full amount.

25. The Defendant has since begun reporting this account on Plaintiff, Tyrone's, credit.

26. Although Defendant received a cease & desist letter, they continued to call and send letters to the Plaintiffs in this matter.

27. Defendant's agent, "Melissa", placed calls to the Plaintiffs on the following dates and times after the receipt of a cease & desist letter:

    -October 29, 2012 at 10:00am

    -October 30, 2012 at 11:00am

    -October 31, 2012 at 12:30pm

    -November 1, 2012 at 10:30am

        -November 2, 2012 at 10:03am

28. On or about November 2, 2012, Plaintiffs sent a second cease & desist letter to the Defendant, due to their relentless collection calls.

29. On or about November 5, 2012, Defendant left a voice mail asking for an immediate call back.

30. On or about November 6, 2012, at 8:10pm, Defendant left another voice mail.

31. On or about November 7, 2012, at 8:15am, Defendant again called trying to collect on this account.

32. On or about November 8, 2012, at 10:31am, Defendant placed a call asking to speak with Mr. Defosse, at the Plaintiffs residence.

33. Defendant placed calls on the following dates and times asking to speak with Plaintiff, Tyrone, or Mr. Defosse:

        -November 9, 2012 at 11:00am

        -November 12, 2012 at 10:10am

        -November 13, 2012 at 9:42am

        -November 14, 2012 at 11:50am

34. On or about November 19, 2012, at 9:28am, Plaintiff, Pamela, spoke with Defendant's agent, "Melissa", again asking her why she was continuing to call after two (2) cease and desist letters had been sent to the Defendant.

35. At that time, Defendant's agent, "Melissa", did confirm that the cease & desist letters were in the file.

36. However, the very next day, November 20, 2012, at 9:11am, Plaintiffs received a call from another female agent of the Defendant who this time denied that they had the Plaintiffs letters and stated that they would just continue to call on this account.

37. Defendant placed a second call that same day at around 1:28pm.

38. On or about November 21, 2012, at 11:30am, Defendant placed another call this time speaking with Plaintiffs young granddaughter and then hanging up on her.

39. On or about November 23, 2012, at 11:45am, Defendants again violated the receipt of two (2) cease & desist letters and placed a call to the Plaintiffs.

40. On or about November 26, 2012, at 9:40am, Defendant placed a call to the Plaintiffs residence again asking for Tyrone or Michael Defosse.

41. On or about November 27, 2012, at 9:59am, Defendant's agent, "Dan", called looking for Tyrone, when Plaintiff, Pamela, informed him that Plaintiff, Tyrone, was not available, "Dan", hung-up and ended the call.

42. On or about November 28, 2012, at 9:55am, a female agent of the Defendant called and asked for either Tyrone or Michael Defosse.

43. Plaintiff, Pamela, informed the agent that they were represented by an attorney and that she needed to call them directly if she had any questions on this matter.

44. Defendant's female agent stated that she would not accept this information unless it came from Plaintiff, Tyrone, personally, because she could not take the word of a "third party".

45. On or about November 29, 2012, at 1:59pm, Defendant left a voice mail asking for Tyrone or Michael Defosse, in connection with collecting a debt.

46. On or about November 30, 2012, at 9:18am, Plaintiffs received yet another voice mail from the Defendant in this matter.

47. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

48. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

49. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

50. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

51. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

52. At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

53. At all times pertinent hereto, the conduct of the Defendant as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## **COUNT I – FDCPA**

54. The above paragraphs are hereby incorporated herein by reference.

55. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

56. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(c): | After written notification that consumer refuses to pay the debt or that consumer wants a collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| | | |
|---|---|---|
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Van-Ru Credit Corporation for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II – FCCPA
### VIOLATIONS OF THE FLORIDA CONSUMER
### COLLECTION PRACTICES ACT / 559.72 PROHIBITED PRACTICES

57. The above paragraphs are hereby incorporated herein by reference.

58. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes;

59. The foregoing acts and omissions constitute violations of the FCCPA, including but not limited to, violations of:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: December 10, 2012      BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
610-489-6060
610-489-1997 (fax)
Attorney for Plaintiff
bvullings@vullingslaw.com